**U.S. DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **BERKLEY NATIONAL INSURANCE COMPANY ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | **20-** |
| **v.** | ) | |
| | ) | |
| **GRANITE TELECOMMUNICATIONS LLC,** | ) | |
| **ATLANTIC-NEWPORT REALTY LLC  AND** | ) | |
| **STEPHEN PAPSIS** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT FOR DECLARATORY RELIEF

## I.  INTRODUCTION

This is an action for relief under the Federal Declaratory Judgment Act, 28 U.S.C.A § 2201 et seq., to determine whether Plaintiff Berkley National Insurance Company (hereinafter "Berkley") owes coverage to Granite Telecommunications LLC and Atlantic Newport Realty LLC) for a lawsuit brought by Stephen Papsis.  In his lawsuit, Papsis seeks recovery for severe bacterial infections and related injuries that resulted from his coming into contact with raw sewage that backed up from kitchen drains in the building where he worked in Quincy, Massachusetts on November 10, 2016.   As detailed below, Berkley National does not owe coverage for any liability that the defendants may face for these injures due to language in its policy excluding coverage for any bodily injury "which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."   Furthermore,

1

coverage is separately excluded as involving injuries due to the release of a liquid contamination in a location that was owned or rented by these insureds. As a result, judgment should enter for Berkley National and an order should enter declaring that it has no further duty to defend or to indemnify any of these parties for the Papsis claims.

## II.   THE PARTIES

2.      Berkley National Insurance Company is an insurance company incorporated in the State of Iowa with a principal place of business in Urbandale, Iowa.

3.      Granite Telecommunications LLC is a Florida limited liability company located at 100 Newport Avenue Extension in Quincy, Massachusetts.

4.      Atlantic Newport Realty LLC is a Delaware limited liability company with a principal place of business in Massachusetts at 205 Newbury Street in Framingham, Massachusetts.

5.      None of the declared agents or principals of these Limited Liability Companies are citizens of the State of Iowa.

6.      Stephen Papsis resides at 124 Highwood Drive in Franklin, Massachusetts.

## III. JURISDICTION AND VENUE

7.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8.      Venue is proper in this judicial district and division because defendants all reside or are domiciled in Massachusetts, the litigation giving rise to this dispute is pending

in the Middlesex Superior Court and because the insurance policy that is at issue in this case was issued in Massachusetts.

## IV.  STATEMENT OF THE CLAIM

### A.  The November 10, 2016 Sewage Back Up

9.       On November 10, 2016, Stephen Papsis (hereafter, "Papsis") was an employee of the Lessings Food Service Management Corporation, which operated dining facilities for various Boston-area office buildings, including 100 Newport Avenue Ext. in Quincy, Massachusetts.

10.      Granite Telecommunications occupied 100 Newport Avenue under a lease agreement with the property owner, Atlantic-Newport Realty.

11.      On November 10, 2016, Stephen Papsis was working as a chef in the kitchen/café at 100 Newport Avenue Ext. in Quincy, Massachusetts when sewage backed up from building drains into his workspace.

12.      On November 19, 2016, Papsis filed suit against Granite Telecommunications, FoxRock Messina Realty[1] and Atlantic Newport Realty alleging that they negligently failed to maintain the premises in a safe condition and were otherwise to blame for his injuries.[2]

### B.  Papsis' Alleged Injuries

13.      Papsis alleged in his Complaint that his exposure to "toxic sewerage" has caused him serious and permanent injuries.

---

[1] FoxRock Messina Realty was subsequently dismissed from the suit.

[2] A true and accurate copy of Stephen Papsis v. Granite State Telecommunications LLC, et al., Middlesex Superior No. 1981cv02845 is attached as Exhibit A to this Complaint.

14.     In response to Interrogatory No. 4 promulgated by Granite Telecommunications, Papsis states that the sewage from the floor drains rose to a level of three inches in the kitchen and got on his shoes in the course of his efforts to deal with the backup.

15.     Papsis claims that he had a small blister on his foot prior to this incident that became infected as the result of his standing in sewage on November 10, 2016.

16.     In response to Interrogatory No. 12 promulgated by Granite Telecommunications, Papsis states that "kitchen sewage exposed me to bacteria causing my foot to become infected."

17.     On the day after this accident, Papsis went to the Milford Regional Medical Center for treatment because his foot had become painfully swollen.

18.     The Milford Regional Medical Center prescribed a two-week course of antibiotics.

19.     Papsis was subsequently treated at the UMass Memorial Medical Center after the infection in his foot traveled into the bone.

20.     On December 7, 2016, surgeons at U Mass Memorial Center performed a right foot naviculectomy under general anesthesia.

21.     Papsis also claims to have suffered kidney failure due to the antibiotics that had been prescribed for his foot infection and has since received dialysis treatment.

22.     On November 23, 2016, Lessings Food Service Management Corporation filed a report with the Commonwealth of Massachusetts Department of Industrial Accidents, advising that its employee Stephen Papsis had been

> EXPOSED TO RAW SEWAGE FROM LEAK, BLISTERED [RIGHT] FOOT, DEVELOPMENT [OF] CELLULITIS, OSTEOMYELITIS, RENAL FAILURE.

23.     Papsis has stated in his answer to Granite Telecommunications' Interrogatory

No. 18 that he has suffered the following injuries:

> Right foot infection, chronic osteomyelitis, right foot ulcer with external fixation/expander, right Charcot arthropathy with talonavicular dislocation for right foot osteomyelitis, right naviculectomy joint of right foot, antibiotic's caused nephrotoxicity-acute renal failure, deformed right foot.

24.     The Papsis lawsuit remains pending in the Middlesex Superior Court.

### C.     The Berkley National Insurance

25.     As of November 10, 2016, Granite Telecommunications was the named insured

under an insurance policy issued to it by Berkley National (hereinafter "the Berkley National

Policy"). [3]

26.     The Berkley National Policy included commercial general liability insurance

coverage wherein the insurer promised in pertinent part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

27.     This grant of coverage was subject to various exclusions in the main body of

the policy and endorsements thereto, including a Fungi and Bacteria exclusion endorsement

(Form CG 21 67 12 04) which states that this policy does not apply to:

> "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a

---

[3] A true and accurate copy of Berkley National Policy No. TCP 7004449-12 is attached as Exhibit B to this Complaint.

building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

28.     Additionally, Exclusion F in the main body of the policy provides in pertinent part that the policy does not apply to various types of pollution, including:

**f.     Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a)     At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured…

29.     The Berkley National policy defines "pollutants" as meaning:

**15.     "Pollutants"** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

30.     Since receiving notice of the Papsis lawsuit, Berkley National has separately agreed to provide a defense for Granite Telecommunication and Atlantic Newport Realty LLC, which had claimed coverage as an additional insured under the Berkley National Policy.  Berkley National reserved its right to deny coverage to Granite Telecommunication and Atlantic Newport Realty LLC under both the Fungi and Bacteria Exclusion and Pollution Exclusion.

**COUNT I**
**(Pollution Exclusion)**

31.     Berkley National, realleges and incorporates by reference the allegations contained in Paragraphs 1-32 of its Complaint as if fully set forth herein.

32.     In Massachusetts, sewage backups are regulated by the Department of Environmental Protection ("MassDEP").

33.     Regulations promulgated by the MassDEP require that the owner or operator of a sanitary sewer to notify MassDEP within 24 hours of a sewage overflow or backs up.

34.     Upon information and belief, one or more of the Insured Defendants in this case gave notice to the MassDEP following the November 10, 2016 sewage backup.

35.     Upon information and belief, at the direction of MassDEP, work was undertaken following November 10, 2016 to clean out the sewage lines and remediate the contamination at 100 Newport Avenue Extension.

36.     Raw sewage is a type of liquid irritant or contaminant.

37.     On November 10, 2016, 100 Newport Avenue Extension was a premises, site or location that owned, occupied by, rented or loaned to Granite Telecommunications and Atlantic-Newport Realty (hereinafter "the Insured Defendants").

38..     Any liability that the Insured Defendants may face as the result of the Papsis Lawsuit arises out of the discharge, dispersal, release of escape of a liquid irritant or contaminant at or from a premises, site or location which is or was at any time owned or occupied by, or rented or loaned to any insured.

39.     In light of Exclusion F, Plaintiff Berkley National has no continuing duty to defend the Papsis Lawsuit, nor does it have any obligation to indemnify the Insured Defendants for any settlement or judgment that may result therefrom.

## COUNT II
### (Bacteria Exclusion)

40.     Berkley National, realleges and incorporates by reference the allegations contained in Paragraphs 1-32 of its Complaint as if fully set forth herein.

41.     The Fungi and Bacteria exclusion endorsement states that the Berkley National policy does not apply to:

"Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

42.     The various injuries alleged by Papsis in his Complaint and sworn discovery responses would not have occurred, in whole or in part, but for his coming into contact with or being exposed to bacteria in the sewage that backed up from floor drains in the kitchen at 100 Newport Avenue Extension that caused a blister in his foot to become infected, which infection subsequently spread to the bone.

43.     In light of the Fungi and Bacteria exclusion endorsement in its policy, Plaintiff Berkley National has no continuing duty to defend the Papsis Lawsuit, nor does it have any obligation to indemnify the Insured Defendants for any settlement or judgment that may result therefrom.

## COUNT III
### (Equitable Restitution)

44.     Berkley National, realleges and incorporates by reference the allegations contained in Paragraphs 1-32 of its Complaint as if fully set forth herein.

45.     Insofar as this court may find that Berkley National never had a duty to defend either Granite Telecommunications LLC or Atlantic-Newport Realty LLC, it has an equitable right to restitution for the costs of the defense that the parties accepted from Berkley National was not contractually obligated to provide to these parties.

**WHEREFORE**, Plaintiff Berkley National Insurance Company respectfully requests that this Honorable Court enter judgement in its favor and declare that

1.      Berkley National has no continuing obligation to pay for the defense of Granite Telecommunications LLC;

2.      Berkley National has no continuing obligation to pay for the defense of Atlantic-Newport Realty LLC;

3.      Berkley National has no obligation to indemnify Granite Telecommunications LLC for any judgment or settlement that may result from the Papsis Lawsuit;

4.      Berkley National has no obligation to indemnify Atlantic-Newport Realty LLC for any judgment or settlement that may result from the Papsis Lawsuit;

5.      Berkley National is entitled to be reimburse for the fees that it has paid for defending these parties in the Papsis lawsuit.

6.      Berkley National shall receive its reasonable costs and attorney's fees for this action; and

7.      Such other and further relief as this Honorable Court deems just and proper.

PLAINTIFF,
BERKLEY NATIONAL INSURANCE
COMPANY


By:  /s/ Michael F. Aylward
Michael F. Aylward
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Tel: (617) 439-7556
Fax: (617) 342-0219
maylward@morrisonmahoney.com

Dated:  April 15, 2021